# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

OFFICER JARED NEYLAND

VERSUS

NATIONAL TRUST INSURANCE
COMPANY, STEPHEN CORTS, AND
ARCHITECTURAL GLASS & METAL,
INC.

NO.  2020 CW 0769

**OCTOBER 26, 2020**

---

In Re:    Seal Tractor Company, Inc., applying for supervisory
          writs, 19th Judicial District Court, Parish of East
          Baton Rouge, No. 677794.

---

**BEFORE:    HIGGINBOTHAM, THERIOT, AND WOLFE, JJ.**

    **WRIT GRANTED.**  The violation of a statute or regulation does not, in and of itself, impose civil liability.  **Faucheaux v. Terrebonne Consolidated Government**, 615 So.2d 289, 292 (La. 1993).  Rather, civil responsibility is imposed only if the violation of the statute or regulation is a legal cause of damage to another, which requires, among other things, a showing that the defendant's conduct is a cause-in-fact of the accident and resultant injuries.  **Id.** at 292-93.  Regardless of whether any statute or ordinance required Seal Tractor Company, Inc. ("Seal") to obtain a permit and/or have additional insignia on its vehicles to show that they formed part of a convoy that included oversized equipment, a reasonable juror, based on the undisputed facts, could not conclude that Seal's actions were a cause-in-fact of the accident.  See **Miller v. Shelter Ins. Co.**, 2018-216 (La. App. 3rd Cir. 1/30/19), 266 So.3d 347, 353 quoting **Daigrepont v. AAA Transp. Co.**, 98-1329 (La. App. 3rd Cir. 3/3/99), 736 So.2d 923, 927 (The cause-in-fact inquiry "may be disposed of by summary judgment when no reasonable minds could differ regarding the uncontested facts" and a party's action "could not reasonably be the cause-in-fact of the harm.")  Specifically, the undisputed facts show that Stephen Corts saw two oversized tractors being operated by Craig Neal and Sons, LLC ("CNS") in the roadway before he proceeded to attempt his left turn in front of them.  Following the two CNS tractors and truck in the convoy were Seal's two tractors and a pickup truck. Mr. Corts acknowledged that he could not see any of Seal's vehicles prior to attempting to make his turn.  Considering the foregoing, the mere fact that the Seal vehicles did not have additional markings to signify that they included oversized equipment and/or formed part of a convoy is not a cause-in-fact of the underlying accident.  Accordingly, we hereby grant the writ application and reverse the trial court's August 4, 2020 judgment denying the motion for summary judgment filed by Seal. We render summary judgment in favor of Seal Tractor Company, Inc. and dismiss all parties' claims against Seal Tractor Company, Inc. with prejudice.

**TMH**
**MRT**
**EW**

COURT OF APPEAL, FIRST CIRCUIT

_____
    DEPUTY CLERK OF COURT
       FOR THE COURT